IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2006

## SHAUNE WOOLEN v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 05-02-0094    Joe H. Walker, Judge**

_____

**No. W2005-02625-CCA-R3-HC  - Filed July 20, 2006**
_____

The petitioner, Shaune Woolen, appeals from the circuit court's dismissal of his pro se petition for writ of habeas corpus. Following our review of the parties' briefs and applicable law, we affirm the circuit court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Shaune Woolen, Pro Se, Whiteville Correctional Facility, Whiteville, Tennessee.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and James Pentecost, Attorney for Appellee, Jackson, Tennessee.

**OPINION**

This case represents an appeal from the circuit court's dismissal of the petitioner's pro se petition for writ of habeas corpus. Although the petitioner failed to include copies of his judgments, it appears that the petitioner pled guilty to one count of aggravated sexual battery and two counts of child abuse. In October of 2005, while incarcerated, the petitioner filed a pro se petition for habeas corpus relief. The circuit court issued an order dismissing the petition. In its order, the court found that: (1) the petitioner failed to comply with the procedural requirements for habeas corpus relief by not attaching copies of his judgments; and (2) the grounds alleged by the petitioner did not entitle him to habeas corpus relief.

On appeal, the petitioner generically argues that he is entitled to habeas corpus relief because his sentences were unconstitutionally enhanced in violation of his right to a jury trial as set forth in _Blakely v. Washington_, 542 U.S. 296, 124 S. Ct. 2531 (2004). In addition, the petitioner argues he

is entitled to habeas corpus relief because his counsel was ineffective and his guilty pleas were not knowing and voluntary.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 *et seq*. codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The petitioner is not entitled to habeas corpus relief. First, the petitioner has failed to comply with the procedural requirements for habeas corpus relief by not attaching copies of his judgements to his petition. *See* Tenn. Code Ann. § 29-21-107; s*ee also Hickman*, 153 S.W.3d at 19-20 (stating that the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed). Second, the petitioner's claim that he was sentenced in violation of *Blakely v. Washington* fails because, even if such a defect occurred, the defect would only render the judgment voidable, not void. *See, e.g.*, *Wayford Demonbreun, Jr. v. State*, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873 (Tenn. Crim. App., at Nashville, June 30, 2005); *Stanley Harvell v. Glen Turner*, No. W2004-02643-CCA-R3-HC, 2005 WL 839891 (Tenn. Crim. App., at Jackson, Apr. 12, 2005); *Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Also, the Tennessee Supreme Court has determined that the *Blakely* decision did not announce a new rule of law, did not impact the validity of our statutory sentencing structure, and is not subject to retroactive application. *See State v. Gomez*, 163 S.W.3d 632, 658-62 (Tenn. 2005). Third, the petitioner's remaining claims involving ineffective assistance of counsel and involuntary and unknowing guilty pleas lack merit because, even if proven true, such defects merely render the petitioner's convictions voidable, rather than void. *See Passerella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *Archer*, 851 S.W.2d at 164. To reiterate, a defect which renders a judgment merely voidable is not subject to collateral attack via habeas petition. *Id.* Accordingly, the petitioner failed to state a cognizable claim for habeas corpus relief, and the circuit court did not err in summarily dismissing his petition. The judgment of the circuit court is affirmed.

_____
J.C. McLIN, JUDGE